Berj Boyajian, SBN 60631
(berj@boyajianfirm.com)
BOYAJIAN & ASSOCIATES
900 Wilshire Boulevard, Suite 721
Los Angeles, California 90017
(213) 689-4423 (tel) / (213) 689-4421 (fax)

Brian S. Kabateck, SBN 152054
(bsk@kbklawyers.com)
Richard L. Kellner, SBN 141416
(rlk@kbklawyers.com)
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, California 90017
(213) 217-5000 (tel) /  (213) 217-5010 (fax)

Mark J. Geragos, SBN 108325
(mark@geragos.com)
Shelley Kaufman, SBN 100696
(kaufman@geragos.com)
GERAGOS & GERAGOS, APC
644 South Figueroa Street
Los Angeles, California 90017
(213) 625-3900 (tel) / (213) 625-1600 (fax)

Ara Jabagchourian, SBN 205777
(ajabagchourian@cpmlegal.com)
COTCHETT, PITRE & MCCARTHY
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California  94010
(650) 697-6000 (tel) / (650) 697-0577 (fax)

Attorneys for Plaintiffs and
the Proposed Class

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARBIS DAVOYAN and HRAYR TURABIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>REPUBLIC OF TURKEY; THE CENTRAL BANK OF THE REPUBLIC OF TURKEY; T.C. ZIRAAT BANKASI;<br><br>Defendants. | Case No. 10-CV-5636 DMG (SSx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY THIS ACTION**<br><br>Date:  December 6, 2010<br>Time:  9:30 a.m.<br>Courtroom:  7<br>312 N. Spring Street<br><br>*Assigned for all purposes to the Honorable Dolly M. Gee, United States District Judge* |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiffs Garbis Davoyan and Hrayr Turabian filed the instant action on July 29, 2010 against the Republic of Turkey ("ROT"), the Central Bank of the Republic of Turkey ("Central Bank") and T.C. Ziraat Bankasi ("Ziraat Bank"), (collectively the "Bank Defendants.") Plaintiffs' Complaint seeks to recover damages for the confiscation and disposal of land, buildings, businesses and other property owned by Armenians, which occurred during the horrific events of the Armenian Genocide, and from which Defendants generated benefits, income and profit.

Defendants Central Bank and Ziraat Bank seek to quash the service of summons based on Section 1608 of the United States Code. Central Bank and Ziraat Bank are branches of the ROT and have offices located in New York City at 821 United Nations Plaza, 7F and 122 East 42nd Street, Suite 310, respectively. On August 27, 2010, Brian McMahon ("Mr. McMahon"), a registered process server with License Number 1140846, served the documents relevant to the instant litigation, including the Summons and Complaint, on Ziraat Bank's New York location. *See* Doc. 6. Mr. McMahon understood this individual to be authorized to accept service. *Id.* Mr. McMahon also mailed a copy of these documents via certified mail.

Shortly after Ziraat Bank was served, Mr. McMahon attempted to serve Central Bank. On August 31, 2010, Mr. McMahon gave the service documents to an individual at the Central Bank's New York location who he understood was authorized to accept service. *See* Doc. 7. While he was leaving the premises, officials from the Turkish Embassy had Mr. McMahon arrested. Mr. McMahon spent at least one night in jail because of this incident.

## II.

## LEGAL ARGUMENT

### A.     Dismissal Based On Insufficient Service Is Disfavored.

The Bank Defendants seek to dismiss Plaintiffs' Complaint based on Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.  California courts liberally construe relevant service rules to uphold service so long as a party receives sufficient notice of the complaint.  *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994) (Court finds that technical defects in the summons do not justify dismissal unless a party is able to demonstrate actual prejudice.)  Specifically, motions to dismiss under Rule 12(b)(4) on the basis of defects in the form of the summons are rarely proper.  *See Crane v. Battelle*, 127 F.R.D. 174, 177 (S.D. Cal. 1989) (Dismissal is improper if defect on summons can be cured.); *see also U.S.A. Nutrasource, Inc. v. CAN Ins. Co.*, 140 F.Supp.2d 1049, 1052-1053 (N.D. Cal. 2001) (Dismissals for defects in the form of summons are generally disfavored.)  Defects in the form of summons are considered technical and a dismissal is not appropriate unless the defendant can demonstrate actual prejudice.  *Id.*  Additionally, motions to dismiss challenging the manner of service under Rule 12(b)(5) should not be granted unless the defendant can "seriously contend that there was prejudice to some substantial right."  *See Crane*, *supra*, 127 F.R.D. at 177.  Further, even if service was not sufficient, if it appears that a plaintiff will ultimately be able to serve the defendant properly, service should be quashed and the action should be preserved.  *Stevens v. Security Pacific Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976); *see also Cranford v. U.S.*, 359 F.Supp.2d 981, 984 (E.D. Cal. 2005).

### B.     Central Bank And Ziraat Bank Received Actual Notice Of The Instant Action.

Central Bank and Ziraat Bank are foreign instrumentalities under the Foreign Sovereign Immunities Act (hereinafter the "FSIA.")  As foreign instrumentalities, Central Bank and Ziraat Bank may be served pursuant to Section 1608(b) of the FSIA.  28 U.S.C. § 1608(b).  This Section provides that service on a foreign instrumentality or agency shall

be made by: (1) delivery of the summons and complaint in accordance with a special arrangement; (2) if no special arrangement exists, delivery of the summons and complaint to either an officer, a managing or general agent, to any other authorized agent or in accordance with the Hague Convention; or (3) if delivery via a special arrangement, authorized agent or Hague Convention cannot be made, delivery as directed by an authority of the foreign state, by form of mail dispatched by the clerk of the court or as directed by order of the court. *See Id.*

Unlike Section 1608(a) – which applies to a foreign state or political subdivision of a foreign state – service pursuant to Section 1608(b) is effectuated when there is substantial compliance with the provisions of service upon an agency or instrumentality of a foreign state. Substantial compliance with Section 1608(b) is achieved when service gives actual notice of the suit and the consequences thereof to the proper individuals within the agency or instrumentality.

The Ninth Circuit has "formally adopt[ed] a substantial compliance test for the FSIA." *Straub v. AP Green, Inc.*, 38 F.3d 448, 453 (9th Cir. 1994). "When applying the substantial compliance test, the pivotal factor is whether the defendant receives actual notice and was not prejudiced by the lack of compliance with the FSIA." *Id.* The plaintiff has the burden of proving actual notice. *Id.* at 454.

A foreign instrumentality or agency may receive actual notice under the substantial compliance test even if its registered agent is not served. *Doty v. Magnum Research*, 994 F.Supp. 894, 896-897 (N.D. Ohio 1997) (service of process on domestic subsidiary of Israeli firearm manufacturer substantially complied with the requirements of the Foreign Sovereign Immunities Act, even though subsidiary was not the manufacturer's registered agent; manufacturer received actual notice of the action and suffered no prejudice from service of process); *Banco Metropolitano, S.A. v. Desarrollo de Autopistas y Carreteras de Guatemala, Sociedad Anonima*, 616 F.Supp. 301, 304-305 (S.D.N.Y. 1985). Moreover, service on a foreign bank at the foreign country's Consulate

in New York City has been found to substantially comply with the FSIA. *Banco Metropolitano, supra,* 616 F.Supp. at 304-305.

Here, Plaintiffs substantially complied with the requirements of the FSIA. Mr. McMahon served copies of the Complaint and the other relevant documents on the Bank Defendants' New York locations. *See* Docs. 6 & 7. According to the proof of service, these documents were left with individuals who were authorized to accept service of process. *Id.* Moreover, counsel for the Bank Defendants has repeatedly contacted Plaintiffs' counsel to discuss the litigation and the particulars of service. Additionally, Bank Defendants' counsel filed declarations from Mustafa K. Mennan, the Chief Manager of the Legal Department of the Central Bank and Yurdagul Ruzgar, Chief Legal Counsel of Ziraat Bank in support of their motion. *See* Docs. 14-4 & 14-5. The declarations of Mr. Mennan and Mr. Ruzgar are in English and include the particulars of the instant action, including the case number, assigned court and location and type of proceeding. *Id.*

The behavior of Bank Defendants' counsel and the declarations of Mr. Mennan and Mr. Ruzgar demonstrate that the Bank Defendants have received actual notice of this action. Furthermore, the fact of "actual notice" is conclusively demonstrated by the fact that the Bank Defendants have retained counsel to represent them – a decision that must have been made by an officer, a managing or general agent, or to any other authorized agent of the Bank Defendants. *See Sherer v. Construcciones Aeronauticas*, 987 F.2d 1246 (6th Cir. 1993) (finding actual notice only because defendant hired counsel and moved to dismiss the complaint.)

Additionally, the Bank Defendants have not been prejudiced by the method of service. Plaintiffs have not filed for a default judgment, nor have they filed any other motions. Further, no written discovery has been propounded and no depositions have been taken. The Bank Defendants have not been absent from any determination that would impact their substantive rights. Consequently, the Bank Defendants cannot show that they have been prejudiced by the service.

**C. Central Bank And Ziraat Bank Received Over 60 Days To Respond To The Complaint.**

Dismissals for defects in the form of summons are generally disfavored. *Chan*, *supra*, 39 F.3d at 1404. Such defects are considered "technical" and hence, are not grounds for dismissal unless a defendant demonstrates "actual" prejudice. *Id.* Moreover, if a summons erroneously demands 20 days to respond, but the defendant actually receives 60 days to respond, the defendant is not prejudiced "by the technical mistake in the summons" and a complaint will not be dismissed. *See Intel Corp. v. Commonwealth Scientific and Indus. Research Organisation*, 2005 WL 1656903, 3 (N.D. Cal. 2005).

Section 1608(d) of the United States Code provides that an agency or instrumentality of a foreign state shall have 60 days to file a responsive pleading to a complaint. 28 U.S.C. §1608(d). Plaintiffs fully complied with the United States Code. Although the Summons attached to Plaintiffs' Complaint called for 20 days to file a responsive pleading, Plaintiffs' allowed both Central Bank and Ziraat Bank 60 days to file a responsive pleading. A true and correct copy of communication dated September 16, 2010 from Plaintiffs' counsel to Bank Defendants' counsel confirming the response time is attached hereto as Exhibit "A."

This Honorable Court also issued an order confirming Plaintiffs' time extension on October 27, 2010, which included an additional six days. *See* Doc. 13. Thus, Plaintiffs complied with the relevant statutory provisions and the Bank Defendants were not prejudiced by the Summons. The Bank Defendants' objections as to the form of the Summons are meritless.

**D. If The Court Finds That Service Of Central Bank And Ziraat Bank Has Been Effectuated A Stay Is Appropriate.**

If this Court finds that service on Central Bank and Ziraat Bank was proper, Plaintiffs agree that for the purposes of judicial economy, a stay of the instant action pending service on ROT is appropriate.

# III.

# CONCLUSION

Based on the foregoing, the Bank Defendants have been properly served because Plaintiffs substantially complied with the requirements of the FSIA. However, in the event that the Court finds that service was not sufficient, Plaintiffs request leave to reserve the Summons, Complaint and other relevant documents pursuant to the Hague Convention.

Dated:  November 15, 2010	**GERAGOS & GERAGOS, APC**
	**KABATECK BROWN KELLNER LLP**
	**BOYAJIAN & ASSOCIATES**
	**COTCHETT, PITRE & MCCARTHY**


	By: 	*/s/ Shelley Kaufman*
		_____
		SHELLEY KAUFMAN
		*Attorneys for Plaintiffs and the Proposed Class*