Brian S. Kabateck, SBN 152054
(bsk@kbklawyers.com)
Richard L. Kellner, SBN 171416
(rlk@kbklawyers.com)
KABATECK BROWN KELLNER LLP
644 S. Figueroa Street
Los Angeles, California 90071
Telephone: (213) 217-5000
Facsimile: (213) 217-5010

Berj Boyajian, SBN 60631
(berj@boyajianfirm.com)
BOYAJIAN & ASSOCIATES
900 Wilshire Boulevard, Suite 721
Los Angeles, California 90017
Telephone: (213) 689-4423
Facsimile: (213) 689-4421

Mark J. Geragos, SBN 108325
(mark@geragos.com)
Shelley Kaufman, SBN 100696
(kaufman@geragos.com)
GERAGOS & GERAGOS, APC
644 S. Figueroa Street
Los Angeles, California 90071
Telephone: (213) 625-3900
Facsimile: (213) 625-1600

Ara Jabagchourian, SBN 205777
(ajabagchourian@cpmlegal.com)
COTCHETT, PITRE & MCCARTHY
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Plaintiff and the proposed class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

GARBIS DAVOYAN and HRAYR
TURABIAN; individually and on behalf
of all others similarly situated,

                    Plaintiffs,

    vs.

REPUBLIC OF TURKEY; THE
CENTRAL BANK OF THE REPUBLIC
OF TURKEY; T.C. ZIRAAT
BANKASI;
                    Defendants.

CASE NO. CV10-5636 DMG (SSx)

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Date:          December 19, 2011
Time:          9:30 a.m.
Courtroom:  7

*Assigned for all purposes to the Honorable Dolly M. Gee, United States District Judge*

## RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM

On January 20, 2012, Defendants Central Bank of the Republic of Turkey and T.C. Ziraat Bankasi (collectively, the "Bank Defendants") filed a supplemental memorandum and request for judicial notice in support of their Rule 12(b)(1) motion to dismiss. They ask this Court to accept as true evidence which they contend shows Armenians forcibly deported by the Ottoman government between 1914 and 1923 were "citizens" of that nation, notwithstanding their deportation. However, the belated evidentiary submission made by the Bank Defendants confirms the need for full jurisdictional discovery and an evidentiary hearing, so that this Court may weigh all the evidence and reach a fully informed decision as to the citizenship status of deported Armenians. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (explaining that a court may order jurisdictional discovery and an evidentiary hearing to evaluate jurisdictional claims where factual disputes are raised).

The Bank Defendants' supposed evidence does not and cannot conclusively answer whether the deportation of the Plaintiffs' ancestors and other Armenians was comparable to a revocation of citizenship by the Ottoman government. As alleged in their Complaint, Plaintiffs' ancestors and other Armenians were *former* citizens of the Ottoman Empire but were "deprived of their citizenship" when they were "brutally deported" and "had their property seized". (Complaint, ¶ 1.) At the time of those deportations and during World War I, the territorial boundaries of the Ottoman Empire were shrinking and the government deported Armenians to areas outside the jurisdiction and control of the state. (*See, e.g., id.*, ¶ 25 (alleging that "[t]he weakening control of the Ottoman government over its empire . . . led many Armenians (as well as Greeks, Romanians, Serbians and Balkans) to believe that they could gain independence").

Although Defendants cite to the Ottoman Nationality Law passed in 1869 and a map published on the internet as if they were conclusive proof that deported Armenians were *de jure* and *de facto* citizens at all relevant times, Defendants' evidence hardly has such a talismanic effect. The law merely states that "[e]very person inhabiting the imperial dominions is considered as an Ottoman subject and treated as an Ottoman subject." The text of this law falls

far short in proving that Armenians were "considered" to be Ottoman subjects and "treated" as citizens between 1914 and 1923 when they were forcibly removed from their homes and deported to foreign lands at the outer boundaries of the Ottoman Empire.  Further, the map relied on by the Defendant Banks conceals the fluid nature of the territorial boundaries and power of the Ottoman Empire during this volatile time period.

This Court would benefit from jurisdictional discovery and additional evidence and briefing in this important case.  For example, such discovery is appropriate to resolve the following factual issues directly related to the citizenship status of deported Armenians:

(1)  What are the definitions of occupation, annexation, citizenship, deportation and/or relocation under international law?

(2)  Was it the intent of the Ottoman government to send ethnic Armenians out of the country and/or strip them of their citizenship?

(3)  Where were the Plaintiffs' ancestors and other Armenians deported to?

(4)  What were the *de jure* and *de facto* territorial boundaries of the Ottoman Empire between 1914 and 1923?  More specifically, were Armenia, Syria, Lebanon and other areas part of the Ottoman Empire, occupied countries, or independent?

(5)  How did the boundaries of the Ottoman Empire change over time?

(6)  Was the effect of the deportations to treat these people as aliens?

//
//
//
//
//
//
//

2

1    At the request of this Court, the Plaintiffs are prepared to conduct jurisdictional

2  discovery on these and other topics.  Such discovery will show that Plaintiffs' ancestors and

3  other Armenians were stripped of their citizenship by the Ottoman government and that this

4  Court has subject matter jurisdiction over this action.

5

6                                   KABATECK BROWN KELLNER LLP

7  DATED: February 6, 2012

8                                   By _____/s/_____
                                       Scott M. Malzahn
9

10                                  BOYAJIAN & ASSOCIATES
11                                  Berj Boyajian

12                                  GERAGOS & GERAGOS, APC
                                    Mark J. Geragos
13                                  Shelley Kaufman

14                                  COTCHETT, PITRE & MCCARTHY
                                    Ara Jabagchourian
15
                                    *Attorneys for Plaintiffs and the Proposed Class*
16

17

18

19

20

21

22

23

24

25

26

27

28

3